UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUARANTY RESIDENTIAL LENDING, INC.,
a Nevada corporation and ASSURAFIRST
FINANCIAL COMPANY, a Michigan corporation
d/b/a HOMESTEAD USA and HOMESTEAD
MORTGAGE,

    Plaintiff, Counter-Defendant,           CASE NO. 04-74842

v.                                                    PAUL D. BORMAN
                                                    UNITED STATES DISTRICT JUDGE

HOMESTEAD MORTGAGE COMPANY,
L.L.C., a Michigan corporation,

    Defendant, Counter-Plaintiff,

BOB FITZNER d/b/a HOMESTEAD MORTGAGE
COMPANY, an individual,

    Counter-Plaintiff.
_____/

**ORDER DENYING COUNTER-PLAINTIFFS' MOTION FOR RECONSIDERATION OF DECEMBER 13,2005 OPINION AND ORDER DENYING COUNTER-PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR A PRELIMINARY INJUNCTION (DOCKET NO. 79)**

      Now before the Court is Counter-Plaintiffs' Motion for Reconsideration of Opinion and Order dated December 13, 2005 Denying Counter-Plaintiffs' Motion for a Temporary Restraining Order and Motion for a Preliminary Injunction. Having considered the entire record, and for the reasons that follow, the Court DENIES Plaintiffs' Motion for Reconsideration.

1

The facts of the instant case are set forth in *Guaranty Residential v. Homestead Mortgage Co.*, Case No. 04-74842, Docket No. 76, Opinion and Order (E.D. Mich. Dec. 13, 2005) (unpublished) (Opinion and Order Denying Counter-Plaintiffs' Motion for a Temporary Restraining Order and Motion for a Preliminary Injunction). On December 23, 2005, Counter-Plaintiffs timely filed the instant Motion for Reconsideration.

Pursuant to Rule 7.1(g)(3) of the Local Rules for the Eastern District of Michigan, a motion for rehearing or reconsideration may be filed within ten days after the entry of the decision to which it objects. *See also* FED. R. CIV. P. 59(e) (allowing a party to file a Motion to Alter or Amend Judgment within ten days of entry of the Judgment). A motion for reconsideration will be granted if the moving party demonstrates that the court's order contains "a palpable defect by which the court and parties have been misled," and that "correcting the defect will result in a different disposition of the case." L.R. 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. *Marketing Displays, Inc. v. Traffix Devices, Inc*., 971 F. Supp. 262, 278 (E.D. Mich. 1997) (internal citation omitted).

Motions for Reconsideration "cannot . . . be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion." *Marketing Displays, Inc. v. Traffix Devices. Inc*., 971 F. Supp. 262, 281 (E.D. Mich. 1997) (citing *Publishers Resource, Inc. v. Walker-Davis Publications, Inc*, 762 F.2d 557, 561 (7th Cir. 1985). "It is improper on a motion for reconsideration to 'ask the Court to rethink what it has already thought through – rightly or wrongly." *Carter v. Robinson*, Case No. 01-73865, 211 F.R.D. 549, 550 (E.D. Mich Jan. 13, 2003) (unpublished) (citing *Above the Belt, Inc. v. Mel*

*Bohannan Roofing, Inc.*, Case No. 83-0202-R, 99 F.R.D. 99, 101 (E.D. Va. September 1, 1993) (unpublished)).  A Motion for Reconsideration will be considered only if (1) there has been an intervening change in the controlling law, (2) a clear error needs correcting or in the interest of preventing manifest injustice, or (3) new evidence is available.  (*Id.*) (citing *NL Industries, Inc. v. Commercial Union Ins. Co.*, 65 F.3d 314, 324 n.8 (3rd Cir. 1995)).

After reviewing Counter-Plaintiffs' motion, the Court finds one palpable defect.  In its Opinion, the Court cited *High Tech v. New Image Indus., Inc,* 49 F.3d 1551 (Fed. Cir. 1995) to support the proposition that licensing of a trademark evokes a finding of irreparable harm.  *High Tech* was a patent infringement case where the patent holder offered a license to the defendant.  The Court erred in citing *High Tech*.  Under trademark law, "irreparable injury regularly follows from trademark infringement."  *Lone Star Steakhouse & Saloon v. Alpha of Virginia*, 43 F.3d 922 (4th Cir. 1995) (referring to *Wynn Oil Co. v. American Way Service Corp.*, 943 F.2d 595, 608 (6th Cir. 1991).  However, Counter-Plaintiffs have failed to show that correcting this defect will result in a different disposition of the case.  *See* L.R. 7.1(g)(3).  As stated in this Court's Opinion, Homestead's "single action of subsequently purchasing the license from Fitzner does not suddenly create irreparable harm to Homestead and warrant a temporary restraining order or preliminary injunction."  (Docket No. 76, Opinion and Order 15).  Additionally, confusion over whether Fitzner or the Bankruptcy Estate possesses the Mark further confuses the issue and puts in doubt, at least to some extent, whether Homestead can be harmed at all.  Therefore, the Court finds that correcting the above defect will not result in a different disposition of the case.

The Court does not find any other palpable defects by which the Court and the parties have been misled.  Accordingly, pursuant to L.R. 7.1(g)(3), Counter-Plaintiffs' motion is

DENIED.

**SO ORDERED.**

                                        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated: September 21, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 21, 2006.

                                        s/Denise Goodine
                                        Case Manager