UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GUARANTY RESIDENTIAL LENDING, INC.,
a Nevada corporation and ASSURAFIRST
FINANCIAL COMPANY, a Michigan corporation
d/b/a HOMESTEAD USA and HOMESTEAD
MORTGAGE,

  Plaintiffs, Counter-Defendants,    CASE NO. 04-74842

v.                 PAUL D. BORMAN
                  UNITED STATES DISTRICT JUDGE
HOMESTEAD MORTGAGE COMPANY,
L.L.C., a Michigan corporation,
CENDANT MORTGAGE CORP. d/b/a
COLDWELL BANKER MORTGAGE,

  Defendant, Counter-Plaintiff,

BOB FITZNER d/b/a HOMESTEAD MORTGAGE
COMPANY, an individual,

  Counter-Plaintiff.
_____/


## OPINION AND ORDER DENYING DEFENDANT/COUNTER-PLAINTIFFS' AMENDED MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 17, 2007 OPINION AND ORDER (DOCK. NO. 142)

  Now before the Court is Defendant/Counter-Plaintiffs' Motion for Reconsideration of the

Court's April 17, 2007 Opinion and Order (Dock. No. 142). Having considered the entire

record, and for the reasons that follow, the Court DENIES Defendant/Counter-Plaintiffs'

1

Amended Motion for Reconsideration.

The facts of the instant case are set forth in *Guaranty Residential v. Homestead Mortgage Co.*, 463 F. Supp. 2d 651 (E.D. Mich. 2006) and *Guaranty Residential v. Homestead Mortgage Co.*, No. 04-74842, 2007 WL 1140917 (E.D. Mich. Apr. 17, 2007) (unpublished). Defendant/Counter-Plaintiffs filed their Amended Motion for Reconsideration on May 2, 2007.

Pursuant to Rule 7.1(g)(3) of the Local Rules for the Eastern District of Michigan, a motion for rehearing or reconsideration may be filed within ten days after the entry of the decision to which it objects. *See also* FED. R. CIV. P. 59(e) (allowing a party to file a Motion to Alter or Amend Judgment within ten days of entry of the Judgment). A motion for reconsideration will be granted if the moving party demonstrates that the court's order contains "a palpable defect by which the court and parties have been misled," and that "correcting the defect will result in a different disposition of the case." L.R. 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997) (internal citation omitted).

In their motion, Defendant/Counter-Plaintiffs argue that the Court's April 17, 2007 Opinion and Order contains at least seven palpable defects, which, upon proper assessment, would convince the Court to reach a different decision. After reviewing the parties submission, the Court finds that Defendant/Counter-Plaintiffs did not demonstrate that the Court's order contained any palpable defect and thus failed to meet their burden.

Accordingly, pursuant to L.R. 7.1(g)(3), and for the reasons stated in this Court's April 17, 2007 Opinion and Order, the Court DENIES Defendant/Counter-Plaintiffs' Motion for Reconsideration of the Court's April 17, 2007 Opinion and Order.

**SO ORDERED.**

                                            s/Paul D. Borman
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

Dated: May 14, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 14, 2007.

                                            s/Denise Goodine
                                            Case Manager