UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUARANTY RESIDENTIAL, et al,

      Plaintiff,                          CASE NO. 04-74842

v.                                      PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

HOMESTEAD MORTGAGE LLC,

      Defendant,
_____/

**ORDER**
**REJECTING DEFENDANT'S OPPOSITION TO APPEARANCE OF**
**RODGER YOUNG, ESQ. AS CO-COUNSEL ON BEHALF OF PLAINTIFFS**

Defendant Homestead through attorneys Howard & Howard P.C. (H&H) seeks to disqualify Rodger Young, Esq. and the firm Young & Susser, P.C. from serving as new co-counsel on behalf of Plaintiff Guaranty Residential on the ground of conflict, insofar as Young has recently hired two associates from Howard & Howard (H&H), one of whom, Jason Killips, Esq., worked on the instant case during his tenure there.

Young contends that he has satisfied the necessary ethics standards set forth by the State Bar of Michigan, by

        1.       Timely notifying the Court

        2.       Setting up a wall between Killips and himself with regard to this case

        3.       Walling off all other employees and documents relating to this case from Killips

On April 12, 2007, the Court held an evidentiary hearing on this issue.

Jason Killips testified to minimal involvement in this matter while at H&H. H&H

produced a brief memo written by Killips regarding this case, but no time records evidencing an extensive involvement in this case.

Since his employment at Young, Killips has not worked on this case and has been screened out of any contact regarding this case, physical or verbal. Indeed, the entire staff at Young has been instructed of this "wall."

There was no evidence that this "wall" has been breached, or that Killips has had any involvement on this case while at Young. There is evidence of fee sequestration excluding Killips, as an associate, from any remuneration from the instant case. Killips is not a partner at Young.

There is no evidence that Killips removed any paper, files, or computer-generated notes/documents regarding this case from H&H.

Although Young is a small firm, and that there is likely contact between Young and Killips on other cases, "other cases" is not the focus of the issue before the Court. As to the instant case, both Young and Killips spoke regarding the "wall" screen adopted by the firm, as well as their statements, as officers of the Court, that they have never discussed this case, and the wall's application regarding other Young employees, file and fee segregation, and Killips' non-compensation regarding this case.

The Court concludes, taking into account the pleadings, the testimony and the oral argument that there is no basis to disqualify Rodger Young, Esq. from appearing on behalf of Plaintiffs.

The Court concludes that Michigan Rule of Professional Responsibility 1.10(b) has been satisfied.

Young stated in a March 27, 2007 letter to the Court that he was providing "prompt"

notice to the Court of the wall procedures; in fact, he had filed his appearance on March 19, 2007, 8 days before. This is not a fatal flaw. Given the evidence before the Court at the evidentiary hearing, the Court has assured itself that extensive protective procedures have been and are still in place, that Young and Killips and that the Young firm has committed itself to honoring them. This Court concludes that Young has effectively complied with the provisions of MRPC 1.10(b).

Accordingly, pursuant to the Sixth Circuit opinion in *National Union Fire Ins. V. Alticor*, 472 F.3d 436 (6th Cir. 2007), and this Court's opinion in *Cobb Publishing v. Hearst Corp.*, 891 F. Supp. 388 (E.D. MI, 1995), the Court concludes that Rodger Young, Esq. and the firm of Young & Susser can continue to represent Plaintiffs in the instant case.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: May 15, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 15, 2007.

s/Denise Goodine
Case Manager