**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**GUARANTY RESIDENTIAL LENDING, INC., ASSURAFIRST FINANCIAL CO.,**

**Plaintiffs/Counter-Defendants/Cross-Claimants,**

**CIVIL ACTION NO. 04-CV-74842-DT**

**vs.**

**DISTRICT JUDGE PAUL D. BORMAN**

**HOMESTEAD MORTGAGE CO., L.L.C.,**

**MAGISTRATE JUDGE MONA K. MAJZOUB**

**Defendant/Counter-Claimant, and**

**BOB FITZNER,**

**Counter-Plaintiff, Cross-Defendant.**
**________________________________/**

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION:** Plaintiffs'/Counter-Defendants' Combined Emergency Motion for Denial of Counter-Plaintiffs' First Amended Motion for Summary Judgment, Attorneys' Fees under Fed. R. Civ. P. 56(f)(1) and to Re-open Discovery under Fed. R. Civ. P. 16(b)(4) (docket no. 196), and Plaintiffs'/Counter-Defendants' Emergency Motion under Fed. R. Civ. P. 12(f) and 37 to Strike, to Dismiss the July 5, 2005 Counterclaims, and to Compel Discovery from Cross-Plaintiff Fitzner (docket no. 197), should be **GRANTED** to the extent that: (1) Plaintiffs should be given 60 days to depose the two 2006 licensees of the Mark and to depose Bob Fitzner, limited to the issues of the 2006 licenses; and (2) Bob Fitzner should be ordered to pay Plaintiffs' counsel the reasonable

expenses incurred by Plaintiffs' counsel in taking these three depositions, including reasonable attorney fees; and otherwise both motions should be **DENIED.**

## II. REPORT:

### A. Facts and Procedural History

This matter comes before the Court first on Plaintiffs'/Counter-Defendants' Combined Emergency Motion for Denial of Counter-Plaintiffs' First Amended Motion for Summary Judgment, Attorneys' Fees under Fed. R. Civ. P. 56(f)(1) and to Re-open Discovery under Fed. R. Civ. P. 16(b)(4), filed on March 25, 2009. (Docket no. 196). In addition, before the Court is Plaintiffs'/Counter-Defendants' Emergency Motion under Fed. R. Civ. P. 12(f) and 37 to Strike, to Dismiss the July 5, 2005 Counterclaims, and to Compel Discovery from Cross-Plaintiff Fitzner, filed on March 25, 2009. (Docket no. 197). These motions have been fully briefed. (Docket nos. 207, 212, 205, 211). The parties have also filed a Joint Statement of Resolved/Unresolved Issues. (Docket no. 211). These motions have been referred to the undersigned for a Report and Recommendation. (Docket no. 214). The Court held oral argument on these motions on June 17, 2009. These motions are now ready for decision.

The claims and counter-claims in this action revolve around the trademark "Homestead Mortgage" (the Mark) and the allegations that the opposing party is infringing on the Mark.

This case has a lengthy history including an appeal in the Sixth Circuit. The notice of appeal was filed on June 14, 2007 (docket no. 148), cross-appeal filed on June 26, 2007 (docket no. 153), and the Sixth Circuit reversed and remanded the case on September 4, 2008. (Docket no. 160). The issue on appeal was whether Bob Fitzner had a sufficient interest in his Mark to sue on it due to his filing bankruptcy in Texas.

Since 1987, Guaranty Residential Lending, Inc. (GRL) provided mortgage-related services in Michigan under the marks "Homestead USA" and "Homestead Mortgage." GRL alleges that sometime after it began to use these marks, Homestead Mortgage Co., LLC (HMC) engaged in similar mortgage-related services in Michigan under the name of "Homestead Mortgage." GRL sued HMC for intentional misappropriation of its common-law trademarks in December 2004. Shortly thereafter, GRL sold its mortgage business to AssuraFirst Financial Co. (AssuraFirst); the latter company joined this lawsuit as a plaintiff in June 2005.

Bob Fitzner, a resident of Texas, had incorporated himself in Texas in 1992 and filed the Mark "Homestead Mortgage" with the U.S. Patent and Trademark Office in 1993. The office registered it as a trademark in 1996. At the time it sued HMC, GRL knew about Fitzner's Mark because in 2001 the Patent and Trademark Office had denied GRL's application to register its own marks because of the likely confusion with the Mark. Fitzner licensed the use of his Mark in Michigan to Darin Chase/Homestead Mortgage, LLC. This license was disclosed by Fitzner during the discovery period in this action. The parties disagree on the date that discovery closed but agree that it was closed by March 31, 2006. Plaintiffs contend that Chase's license provided rights for the State of Michigan and to sue for past infringements, all for a one-time fee of $15,000. (Docket no. 197 at 16 n.7).

The basis of both of these motions is that Fitzner entered into two other license agreements for the Mark, and according to Plaintiffs failed to timely supplement his discovery responses to reveal these other licenses. The first of these other two licenses (docket no. 197-3) was made between Fitzner and David Faul, was effective January 1, 2006, signed on March 3, 2006, and provided the right to use the Mark in three Texas counties for the cost of $1200/year. The second

license was between Fitzner and Homestead Mortgage, Inc., a Washington Corporation, and provided the right to use the Mark in the states of Washington and Oregon effective April 25, 2006 for the cost of a $15,000 one-time payment. This license was signed on April 28 and May 1, 2006.

Plaintiffs show that in several interrogatories (answered by Bob Fitzner on October 4, 2005) they asked Fitzner to identify all persons involved with the Mark as a licensee from August 1991 to the present (Interrogatory No. 4), to describe cross-Plaintiff's licensing activities since March 2002 (Interrogatory No. 7), to identify all of cross-Plaintiff's past or current licensees (Interrogatory No. 8), and to provide contact information for all persons with whom cross-Plaintiff has ever entered into an agreement with to use the Mark (Interrogatory 15). (Docket no. 197-4). Also, Plaintiffs show that they served upon Fitzner Requests for the Production of Documents which were responded to by Fitzner on October 4, 2005. (Docket no. 197-5). The responses to these Request Nos. 1, 3, 17, 19, and 22 would have revealed all license agreements. Because the two 2006 license agreements were entered into after these answers and responses were served, Plaintiffs argue that they should have been timely supplemented by Fitzner. Fitzner supplemented his responses and revealed these two licenses on March 25, 2009. (Docket no. 205 ex. A). Fitzner and Homestead Mortgage Co. included them in a Reply brief filed on March 12, 2009 as well. (Docket no. 191). These parties relied upon the licenses to argue that although Fitzner himself had not used the Mark for a short time, the use by these licensees is imputed to him as a defense to Plaintiff's argument that Fitzner had abandoned the Mark.

Plaintiffs contend that these two license agreements are "critical and highly relevant" documents. Plaintiffs argue that they are relevant to their claims that Fitzner has abandoned the Mark and affect the valuation of the Mark which impacts the potential monetary award to which

Fitzner may be entitled. They argue that they need to depose the licensees and Fitzner regarding this valuation and how it was determined. Plaintiffs also argue that they need to retain a damages expert to opine regarding Fitzner's potential royalty damages, assuming he is entitled to any, given the royalty figures provided in the 2006 trademark licenses.

In the Rule 37 Motion (docket no. 197) GRL/AssuraFirst requests: (1) that the 2006 trademark licenses be stricken so that Fitzner cannot use them; (2) dismissal of Fitzner's July 5, 2005 counterclaims or at least denial of Fitzner's Motion for Preliminary Injunction and Amended Motion for Summary Judgment; (3) attorneys fees; and (4) an order that counter-Plaintiffs supplement responses to all discovery requests.

In the Rule 56(f) Motion (docket no. 196), GRL/AssuraFirst requests that: (1) the court deny Fitzner's amended motion for summary judgment under Rule 56(f)(1) because GRL/AssuraFirst is unable to properly respond to the motion without further discovery regarding the licensees, or alternatively that the court postpone consideration of the motion until after further discovery of Fitzner and his licensees; (2) the court award attorney fees to GRL incurred in responding to Fitzner's amended motion for summary judgment; and (3) permit discovery of Fitzner and his licensees and permit GRL to obtain a damages expert if it is determined that one is necessary following such discovery.

The parties have filed a lengthy Joint Statement of Resolved and Unresolved Issues. (Docket no. 218). They agree that Fitzner has supplemented his discovery requests and GRL has no reason to believe that there are any other outstanding documents. Also, GRL has supplemented its discovery responses and although Fitzner believes that the supplementation is incomplete, he will present whatever motion he deems appropriate after the resolution of these motions. Several issues

remain unresolved, however. (*Id*.).

**B. Standard**

Rule 26(e), Fed. R. Civ. P., provides that a party who has responded to an interrogatory, request for production, or request for admission "must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect" if the corrective information has not otherwise been made known to the other parties. Rule 37(c), Fed. R. Civ. P., provides for certain sanctions if a party fails to provide information as required by Rule 26(e), unless the failure was substantially justified or is harmless. Included in these sanctions is for the court to order "payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A).

**C. Analysis**

Fitzner violated Fed. R. Civ. P. 26(e) by not timely supplementing his responses to Plaintiffs' interrogatories and requests for production which required the disclosure of the 2006 license agreements. Although Fitzner supplemented his responses and disclosed these licenses, this supplementation which occurred about three years after the license agreements were entered into was not timely. *See SPX Corp. v. Bartec USA, LLC,* 574 F. Supp. 2d 748, 756 (E.D. Mich. 2008) (party in possession of information for a year prior to disclosure did not timely disclose). This failure to timely supplement was not harmless. Although Plaintiffs knew about one license agreement Fitzner had made with Darin Chase in 2005, the 2006 licenses added materially relevant information on the value of the Mark and other issues. In addition, this failure to supplement was not substantially justified. Fitzner's claim that he was distracted from the business matters in his life due to several events occurring at the time do not justify this failure when Fitzner was capable

during this time of negotiating and entering into the license agreements and of prosecuting the appeal in this action.

Plaintiffs should be given the opportunity to depose the two licensees and Bob Fitzner about the two 2006 licenses that were not previously disclosed. It is appropriate for Fitzner to be ordered to pay to Plaintiffs' counsel the reasonable expenses, including attorney's fees, for these three depositions. The Court does not find that the failure to timely supplement justifies the additional sanctions requested by Plaintiffs. Judge Borman has entered an order staying consideration of the pending motions in this action. (Docket no. 216). The Court does not find that these additional licenses justify granting any relief with regard to Plaintiffs' hiring of an expert to consider the effect of these two additional licenses.

**III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must

recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June18, 2009

s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: June 18, 2009

s/ Lisa C. Bartlett
Courtroom Deputy