**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GUARANTY RESIDENTIAL LENDING,
INC., a Nevada Corporation, and
ASSURAFIRST FINANCIAL COMPANY,
a Michigan Corporation d/b/a HOMESTEAD
USA and HOMESTEAD MORTGAGE

      Plaintiffs, Counter-Defendants,
      Cross-Plaintiffs

                                                        CASE NO. 04-74842

-vs-

                                                          PAUL D. BORMAN

HOMESTEAD MORTGAGE COMPANY,      UNITED STATES DISTRICT JUDGE
L.L.C., a Michigan Corporation

      Defendant, Counter-Plaintiff, and      MAGISTRATE JUDGE MONA K.
                                                          MAJZOUB

BOB FITZNER d/b/a HOMESTEAD
MORTGAGE CO., an Individual

      Counter-Plaintiff, Cross-Defendant

_____/

**OPINION AND ORDER**
**(1) GRANTING THE FEDERAL DEPOSIT INSURANCE CORPORATION'S MOTION FOR A 180-DAY STAY AS TO ALL PARTIES BEGINNING OCTOBER 5, 2009 AND ENDING ON APRIL 3, 2010 AND**
**(2) REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE MAJZOUB**

      Before the Court is the motion of the Federal Deposit Insurance Corporation ("FDIC") as receiver for Guaranty Bank, for Stay of Proceedings. (Dkt. No. 230.) For the reasons stated herein, the Court GRANTS the FDIC's motion for a 180-day stay as to all parties, which will run from the date on which the Counter-Plaintiffs filed their claims with the FDIC, represented to the Court as having occurred on October 5, 2009.

The Court further Orders that certain previously-filed matters be referred to Magistrate Judge Majzoub to be heard and determined during the principal 180-day stay.

## I.     BACKGROUND

On November 29, 2007, Plaintiff/Counter-Defendant Guaranty Residential Lending, Inc. ("GRL") merged into Guaranty Bank, Austin, TX ("the Bank"). (Dkt. No. 230 Ex. A.) On August 21, 2009, the Bank was closed by the Office of Thrift Supervision and the FDIC was appointed receiver. (Dkt. No. 230 Ex. B.) On September 18, 2009, the FDIC filed a motion in the instant case to substitute itself as the real party in interest for Guaranty Residential Lending, Inc. ("GRL") and for a stay of proceedings pursuant to the Financial Institutions Reform and Recovery Enforcement Act of 1989, 12 U.S.C. §§ 1812 *et seq.* ("FIRREA"). (Dkt. No. 230.) FIRREA mandates the process for the handling of claims against financial institutions placed in FDIC receivership.

The FDIC sought a 90-day stay pursuant to 12 U.S.C. § 1821(d)(12) which this Court granted on September 29, 2009 and which expired on November 19, 2009. (Dkt. No. 234.)[1] The FDIC has also requested a 180-day stay as to all parties, pursuant to the provisions of FIRREA, to commence on the date the Counter-Plaintiffs are required to file administratively any claims they intend to pursue against the FDIC/GRL.[2]

---

[1] On December 22, 2009, this Court granted the FDIC's motion to substitute itself as the real party in interest for Guaranty Residential Lending, Inc., effective September 29, 2009, *nunc pro tunc*, pursuant to Federal Rule of Civil Procedure 25(c). (Dkt. No. 240.)

[2] Defendants/Counter-Plaintiffs argue that the FDIC has no standing to seek the 180-day stay, but cite no law to support this contention. While it is true that the 180-day stay is only triggered by the filing of a claim with the FDIC, which admittedly only the Defendants/Counter-Plaintiffs can do, this does not necessarily imply that Defedants/Counter-Plaintiffs are singularly empowered to seek the 180-day stay. This Court concludes that the FDIC has standing to seek a 180-day stay under FIRREA.

On December 22, 2009, this Court held a hearing to discuss the status of this case and the pending FDIC request for a 180-day stay. The parties informed the Court at the hearing that the Defendants/Counter-Plaintiffs did indeed file their claims with the FDIC receiver on October 5, 2009. The parties agree that this administrative filing results in a 180-day stay of proceedings as to the FDIC/GRL, expiring on April 3, 2009, or on the date that the FDIC denies the claim, whichever occurs first. This now squarely presents the issue of whether proceedings in this matter should be stayed as to all parties until April 3, 2009 (or until such time as the FDIC receiver denies the Counter-Plaintiffs' claims, whichever occurs first). Significantly, at the December 22, 2009 hearing, Defendants/Counter-Plaintiffs did not object to the 180-day stay.

This Court concludes that in the interests of judicial economy and in furtherance of the goals of FIRREA, with the exception of two discrete previously-filed matters, discussed *infra*, which the Court hereby refers to Magistrate Judge Majzoub for hearing and determination, it will stay proceedings in this matter for 180-days as to all parties while the Counter-Plaintiffs pursue their administrative remedies, as they are required to do to preserve their claims against the FDIC.

**II.    ANALYSIS**

    **1.    The 180-day stay under FIRREA**

Section 1821(d)(13)(D) of FIRREA forecloses judicial determination in the first instance, of claims against an insolvent bank in receivership. Such claims must first be reviewed under the FIRREA administrative claims process. The Sixth Circuit has summarized FIRREA's mandatory administrative claims process as follows:

> Upon its appointment as receiver, FDIC is required to publish notice that the failed institution's creditors must file claims with FDIC by a specified date not less than ninety days after the date of publication. 12 U.S.C. § 1821(d)(3)(B). FDIC is also required to mail notice to all known creditors of the failed institution. [12 U.S.C.] §

3

> 1821(d)(3)(C).  It has 180 days from the date of filing to allow or disallow claims. [12 U.S.C.] § 1821(d)(5)(A)(i).  Claimants have sixty days from the date of disallowance, or from the expiration of the 180-day administrative decision deadline, within which to seek judicial review in an appropriate United States district court. [12 U.S.C.] § 1821(d)(6)(A).

*Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 384-85 (6th Cir. 2008) (citations omitted).  Failure to comply with these statutory time limitations results in the claimant relinquishing any further right to relief on such claims. *Id*. at 385-386.  Thus, either a failure to file a claim by the date specified by the FDIC, or a failure to seek judicial review within 60-days of either a disallowance or expiration of the 180-day period, will result in a final extinguishing of the claim. *Id*.  *See also Simon v. FDIC*, 48 F.3d 53, 56 (1st Cir. 1995) ("Section 1821(d)(13)(D)(i) bars all claims against the assets of a failed financial institution which have not been presented under the administrative claims review process.")  The parties do no dispute this aspect of the claims process.

FIRREA also provides that "the filing of a claim with the receiver shall not prejudice any right of the claimant to continue any action which was filed before appointment of the receiver." 12 U.S.C. § 1821(d)(5)(F)(ii).  Courts have consistently read this provision in conjunction with the claims process provision to conclude that, while FIRREA itself does not specifically mandate a 180-day stay, such a stay must be implied to effectuate the purposes of the act:  "[T]he word 'continue,' taken within the context of theses provisions, plainly directs a court to stay the proceedings against the [FDIC] until the claim-filing process runs its 180 day course."  *Simms v. Biondo*, 785 F. Supp. 322, 324 (E.D.N.Y. 1992).  *See also Glover v. Washington Mutual Bank, F.A.*, No. 08-990, 2009 WL 798832 at * 5 (W.D. Pa. March 20, 2009) ("District courts in this circuit have ploughed through the muddy waters of FIRREA's stay provisions and have determined that a stay is implied during the pendency of the administrative claims process.").  The parties do not dispute this, although there

4

is a suggestion that the FDIC would argue that the provision is not just a statutory exhaustion requirement, but a jurisdictional bar. (FDIC/GRL's Mot. to Substitute and for Stay p. 8.) This position, however, is against the great weight of authority, including the Sixth Circuit's opinion in *Village of Oakwood*, which holds that the claims process does not divest the court of jurisdiction. That the Court retains jurisdiction does not, however, address the question of whether the case must proceed as to all other parties or whether the entire proceeding should be stayed. Contrary to Defendants/Counter-Plaintiffs' suggestion, this issue was not before the Sixth Circuit in *Village of Oakwood.*

### 2. Extension of the 180-day stay to all parties

The Defendants/Counter-Plaintiffs filed their claims with the FDIC on October 5, 2009.[3] Accordingly, the parties agree that proceedings must be stayed as to FDIC/GRL for the duration of the 180-day period which expires on April 3, 2010, or on the date that the FDIC disallows the claims, if at an earlier date. The contested issue of whether this Court should also stay proceedings as to all other parties pending the outcome of the administrative process as to FDIC/GRL has been fully briefed by the parties. This Court concludes that the interests of judicial economy and the goals of FIRREA favor extending the 180-day stay to all parties in this proceeding, with the exception of two discrete matters referred in this Order for hearing and determination by Magistrate Judge Majzoub concurrent with the running of the 180-day stay as to all parties on all other matters.

---

[3] At the December 22, 2009 status conference, counsel for Plaintiff AssuraFirst, also appearing on behalf of the FDIC, indicated that it was his understanding that the claims were actually filed with the FDIC on October 15, 2009. Until this Court is informed otherwise, it will assume that the date of filing was October 5, 2009, as represented by counsel for the Defendants/Counter-Plaintiffs at the December 22, 2009 status conference.

While there is no Sixth Circuit precedent deciding this issue, this Court is persuaded by the logic of cases imposing a stay under circumstances similar to those presented in the instant case. In *Cassese v. Washington Mutual, Inc.*, No. 05-2724, 2009 WL 3599552 (E.D.N.Y. April 6, 2009), plaintiffs filed claims against Washington Mutual, Inc. ("WMI"), Washington Mutual Bank ("WMB"), Washington Mutual Bank, FSB ("FSB") and Washington Mutual Home Loans, Inc. ("MHL") alleging unlawful collection of penalties and fees in connection with their mortgage loans. *Id*. at 1.  Plaintiffs asserted claims under consumer protection statutes as well as common law claims for unjust enrichment and fraud.  On September 25, 2008, the FDIC was appointed receiver for WMB and on October 24, 2008 the FDIC filed a motion for substitution of the FDIC for WMB and moved for a mandatory 90-day stay. *Id*. at * 2.  The parties agreed that the 90-day stay began to run on September 25, 2009, the day the receiver was appointed, and expired on December 24, 2008. December 30, 2009 was the date established by the receiver as the cut-off for filing claims against WMB.  Defendant WMI filed for bankruptcy on December 1, 2009 and therefore was under an automatic bankruptcy stay, but FSB and MHL remained. On December 24, 2009, the day that the 90-day expired, the FDIC moved for an additional 180-day stay. *Id*. at * 3.  The court granted the motion and extended the stay to the entire action. *Id*.  After noting that the 90-day stay was separate and apart from the requested 180-day stay, and that FIRREA mandated a 180-day stay at the request of the FDIC, the court extended the stay to all parties over plaintiff's objection:

> The plaintiffs also contend that even if the Court stays the action as against the FDIC as receiver for WMB, it should permit continuation of this nearly 4-year old case against [the other defendants] . . . .  However, for the purposes of judicial economy, the accepted practice permits a stay of the plaintiffs' claims against all defendants. ("Obviously, judicial resources would be wasted if the plaintiffs could press forward now in the litigation against every defendant except the depository institution.")

*Id*. at * 5 (citing *Simms, supra* at 326).  *See also Glover v. Washington Mutual Bank, F.A.*, No. 08-

6

990, 2009 WL 798832 at * 7 (W.D. Pa. March 20, 2009) (Magistrate Judge Mitchell) (observing that continuing as to other parties during the pendency of the 180-day stay would be contrary to FIRREA's statutory scheme and would waste judicial resources); *Gumowitz v. First Fed. Sav. & Loan Assoc. of Roanoke*, No. 90-8083, 1991 WL 84630 at * 2 (S.D.N.Y. May 17, 1991) (denying plaintiff's request to continue the action as to other defendants where the "overlapping roles of all defendants" would necessarily force the [FDIC] to participate in the continued action to protect its interests, contrary to FIRREA's goal of allowing the receiver to concentrate on the failed institution and "fulfill its role as receiver for the Bank defendants.")

The claims asserted by Defendants/Counter-Plaintiffs against GRL and AssuraFirst in the instant case are closely related if not "inextricably intertwined." The claims appear identical except that the alleged infringement covered different time frames. Every paragraph of the Counterclaim alleges conduct on the part of both GRL and/or Assurafirst and it is difficult to see how these claims can continue to be litigated on the merits without significant involvement of the FDIC receiver. As the FDIC points out in its Reply Brief: "Allowing Fitzner to proceed on the claims against AssuraFirst would require the FDIC-Receiver to monitor and remain indirectly involved in the case because any adverse decision against AssuraFirst would necessarily affect the claims against the FDIC-Receiver." (Reply to Resp. to Mot. To Substitute and Stay p. 4.) As pointed out by the court in *Gumowitz, supra*, this will necessarily distract the receiver in contravention of the goals of FIRREA and waste judicial resources.

This Court concludes that the 180-day stay, currently in effect until April 3, 2010, applies to all parties and all matters in this proceeding, with the exception of the two matters discussed below which are referred to Magistrate Judge Majzoub for hearing and determination during the

principal 180-day stay as to all other matters.

### 3. Matters Referred to Magistrate Majzoub for Hearing and Determination

On September 1, 2009, Defendants/Counter-Plaintiffs filed a "Motion Requesting Leave to File A Non-Dispositive Motion." (Dkt. No. 225.) Plaintiffs/Counter-Defendants filed a response on September 18, 2009. (Dkt. No. 229.) Defendants/Counter-Plaintiffs filed a reply on September 29, 2009. (Dkt. No. 232.) Essentially, this motion seeks to have Guaranty Bank substituted as the successor-in-interest to GRL (which was accomplished by this Court's December 22, 2009 Order and is now moot) and to join the Carrs (directors of Defendant/Counter-Plaintiff Assurafirst) as Counter-Defendants. This motion has been fully briefed by the parties and will require resolution when and if the parties return to this Court following expiration of the 180-day stay. The Court finds that requiring the FDIC to oversee resolution of this discrete issue will not contravene the goals of FIRREA and will not duplicate judicial efforts. Therefore, this Court refers this non-dispositive motion to Magistrate Judge Majzoub, pursuant to 28 U.S.C. § 636(b)(1)(A), for hearing and determination at this time.

At the December 22, 2009 status conference, counsel for AssuraFirst reminded the Court that Magistrate Judge Majzoub previously issued a report and recommendation, as to which no objections were filed, extending discovery and permitting Plaintiffs/Counter-Defendants to depose two previously undisclosed licensees and to re-depose Defendant/Counter-Plaintiff Bob Fitzner. (Dkt. No. 223.) Magistrate Judge Majzoub also recommended that Defendants/Counter-Plaintiffs, and specifically Bob Fitzner, "should be ordered to pay Plaintiffs' counsel the reasonable expenses incurred by Plaintiffs' counsel in taking these three depositions, including reasonable attorney fees." (Dkt. No. 223 p.1). Counsel for AssuraFirst informed the Court that these amounts have not been

8

paid. The Plaintiffs/Counter-Defendants are hereby ordered to submit to Magistrate Judge Majzoub, for a determination as to reasonableness, the documentation supporting their request for expenses incurred in connection with those depositions. The parties will have the usual opportunity to object to Magistrate Judge Majzoub's determination pursuant to 28 U.S.C. § 636(b)(1).

Beyond these two discrete matters, this proceeding is stayed as to all parties until April 3, 2010, or until the FDIC denies Defendants/Counter-Plaintiffs claims for administrative relief, whichever occurs first.

**IT IS SO ORDERED.**

                                    S/Paul D. Borman
                                    PAUL D. BORMAN
                                    UNITED STATES DISTRICT JUDGE

Dated: December 28, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 28, 2009.

                                    S/Denise Goodine
                                    Case Manager