**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GUARANTY RESIDENTIAL
LENDING, INC., ASSURAFIRST
FINANCIAL CO.,

    Plaintiffs/Counter-
Defendants/Cross-
Claimants,

vs.

HOMESTEAD MORTGAGE
CO., L.L.C.,

    Defendant/Counter-Plaintiff,
and

BOB FITZNER,

    Counter-Plaintiff, Cross-
Defendant.
_____/

CIVIL ACTION NO. 04-CV-74842

DISTRICT JUDGE PAUL D. BORMAN

MAGISTRATE JUDGE MONA K. MAJZOUB

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** This Court recommends that Plaintiffs/Counter-Defendants' Motion to Enforce the June 18, 2009 Discovery Order and for Further Sanctions, filed on January 19, 2010 (docket no. 245) be **GRANTED** to the extent that Plaintiffs/Counter-Defendants should be awarded reasonable costs and attorneys fees in the amount of $9,015.76 which Counter-Plaintiff Fitzner should remit to Plaintiffs' counsel on or before June 4, 2010; and otherwise the motion should be **DENIED**.

**II.**    **REPORT:**

1

This matter comes before the Court on Plaintiffs/Counter-Defendants' Motion to Enforce the June 18, 2009 Discovery Order and for Further Sanctions, filed on January 19, 2010. (Docket no. 245). The motion has been fully briefed. (Docket nos. 248, 256). This matter has been referred to the undersigned for recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 255). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(e). The motion is now ready for ruling.

On June 18, 2009 this Court entered a Report and Recommendation recommending that Plaintiffs/Counter-Defendants be permitted to depose Counter-Plaintiff Fitzner and his licensees, David Faul and William Duffy about two 2006 trademark licenses that were not previously disclosed, and that Counter-Plaintiff Fitzner be ordered to pay Plaintiffs' counsel the reasonable expenses, including attorney's fees, for the three depostions. (Docket no. 223). The district court entered an Order adopting the Recommendation on July 31, 2009. (Docket no. 224). Thereafter, the district court ordered the Plaintiffs/Counter-Defendants to submit to this Court the documentation supporting their request for expenses incurred in connection with the three depositions. (Docket no. 241).

Plaintiffs/Counter-Defendants now move for an Order compelling Counter-Plaintiff Fitzner to pay $12,305.76 in costs and legal fees incurred as a result of taking the previously compelled depositions. Plaintiffs/Counter-Defendants also seek an additional $1,057.50 in fees incurred in preparing this motion to enforce the recommendation made in the June 18, 2009 Report and Recommendation.

Plaintiffs/Counter-Defendants' counsel shows that she spent 37 hours scheduling, preparing for, and taking the three depositions at an hourly rate of $235, for a total cost of $8,695. To that

2

amount is added travel expenses to Seattle, Washington for the deposition of William Duffy in the amount of $1,140.44. An additional $2,470.32 is added in transcript fees for a total cost of $12,305.76.

Of the 37 hours counsel spent related to these depositions, 18.5 hours were spent preparing for and taking the 2 hour deposition of William Duffy, including time spent traveling to and from Seattle, Washington for the deposition. Considering the complexity and scope of the depositions, a reasonable number of hours expended on the three depositions is 23 hours, which includes 8 hours of travel time to and from Seattle, Washington; 7 hours for preparation time for the three depositions; and 8 hours for conducting the depositions, for a total cost of $5,405. To that amount should be added travel expenses to Seattle, Washington in the amount of $1,140.44, and transcript fees of 2,470.32. Accordingly, this Court finds that the total amount of reasonable costs and expenses incurred in connection with the depositions is $9,015.76.

Plaintiffs/Counter-Defendants were ordered to submit documentation supporting their request for expenses incurred in connection with these depositions to this Court. Therefore no motion was necessary, and Plaintiffs/Counter-Defendants' request for costs incurred in filing this motion should be denied.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 17, 2010        s/ Mona K. Majzoub
                           MONA K. MAJZOUB
                           UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of record on this date.

Dated: May 17, 2010        s/ Lisa C. Bartlett
                           Case Manager

4