**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GUARANTY RESIDENTIAL
LENDING, INC., ASSURAFIRST
FINANCIAL CO.,

    Plaintiffs/Counter-
Defendants/Cross-
    Claimants,

vs.

HOMESTEAD MORTGAGE
CO., L.L.C.,

    Defendant/Counter-Plaintiff,
and

BOB FITZNER,

    Counter-Plaintiff, Cross-
Defendant.
_____/

CIVIL ACTION NO. 04-CV-74842-DT

DISTRICT JUDGE PAUL D. BORMAN

MAGISTRATE JUDGE MONA K. MAJZOUB

**OPINION AND ORDER DENYING COUNTER-PLAINTIFFS' MOTION TO NAME
SUCCESSORS-IN-INTEREST AS PARTIES (DOCKET NO. 261)**

This matter comes before the Court on Counter-Plaintiffs' Motion to Name Successors-in-Interest as Parties, filed on March 1, 2010. (Docket no. 261). The motion has been fully briefed. (Docket nos. 264, 266). This matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 263). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(e). The motion is now ready for ruling.

**A. Background**

The claims and counterclaims in this action revolve around the trademark "Homestead

1

Mortgage" ("the Mark") and the allegations that the opposing party is infringing on the Mark. Guaranty Residential Lending, Inc. ("GRL") filed suit on December 10, 2004 against Homestead Mortgage Co., LLC ("HMC") alleging unfair competition under the Lanham Act, common law unfair competition, unjust enrichment, and common law trademark infringement. Shortly thereafter, GRL sold its mortgage business to AssuraFirst Financial Co. ("AssuraFirst"), which joined this lawsuit as a plaintiff in June 2005. On July 5, 2005, HMC and Bob Fitzner ("Counter-Plaintiffs") filed an answer and counterclaim to Plaintiff's amended complaint, alleging infringement of a federally registered trademark, false designation of origin and unfair competition, and violation of the Michigan Consumer Protection Act. (Docket no. 36). Counter-Plaintiffs assert that GRL willfully infringed Counter-Plaintiffs' federally registered Mark from June 26, 2001 to December 31, 2004, and AssuraFirst willfully infringed the Mark from December 23, 2004 to January 17, 2007. (Docket no. 261 at 6).

On March 31, 2006, AssuraFirst entered into an Asset Purchase Agreement ("APA") under which U.S. Bank National Association agreed to purchase certain assets of AssuraFirst in exchange for $750,000 and other consideration. (Docket no. 262 at 13). The APA provides that AssuraFirst would retain all rights and liabilities in the instant lawsuit. (Docket no. 262 at 10-12). AssuraFirst was renamed Woodbridge Mortgage Company in June 2006. (Docket no. 261 at 6). On January 17, 2007, Woodbridge Mortgage Company was voluntarily dissolved pursuant to a meeting of the directors held on December 23, 2006, and Counter-Plaintiffs allege corporate assets were distributed to the shareholders. (Docket no. 261, Ex. D.). On December 2, 2009 Woodbridge Mortgage

Company was reinstated for the reason that the dissolution was filed in error.[1] (Docket no. 264, Ex. A). Subsequently, on November 29, 2007, GRL was merged into Guaranty Bank.

On March 1, 2010, Counter-Plaintiffs filed the instant motion pursuant to Federal Rule of Civil Procedure 25(c) for entry of an order joining Guaranty Bank and Dennis Carr, Warren Carr, and Bruce Carr, individual shareholders-directors of AssuraFirst, as named Counter-Defendants in this action.

**B. Standard**

Federal Rule of Civil Procedure 25(c) provides that, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed.R.Civ.P. 25(c). Rule 25(c) is a procedural mechanism which allows "the action to continue unabated when an interest in the lawsuit changes hands," rather than requiring initiation of an entirely new lawsuit. *Educ. Credit Mgmt. Corp. v. Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) (citations omitted). "The rule expressly permits parties to continue in an action, even if they do not remain the real party in interest, as long as the cause of action itself survives the transfer to the new party." *ELCA Enter., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995). *See also Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.,* 13 F.3d 69, 71 (3d Cir. 1993) ("When a defendant corporation has merged with another corporation . . . the case may be continued against the original defendant and the judgment will be binding on the successor even if the successor is not named in the lawsuit."). Because Rule

---

[1]The parties refer to Woodbridge Mortgage Company as AssuraFirst in their pleadings. For the sake of consistency with the parties' briefs, the Court will use the name AssuraFirst throughout the remainder of this Opinon.

3

25(c) does not require that parties be substituted or joined after an interest has been transferred, a decision under Rule 25(c) is left to the court's discretion. *Id.*

**C. Analysis**

Counter-Plaintiffs allege that GRL merged into Guaranty Bank and move to join Guaranty Bank as a party Counter-Defendant to this action. On August 21, 2009 Guaranty Bank was closed by the Office of Thrift Supervision and the FDIC was appointed receiver. (Docket no. 240). On December 21, 2009, the Court substituted the FDIC as the real party in interest for GRL, thereby rendering moot Counter-Plaintiffs' motion to join Guaranty Bank as a party to this action. (Docket no. 240).

Next, Counter-Plaintiffs move to join AssuraFirst's successors-in-interest, Dennis Carr, Warren Carr, and Bruce Carr, as named Counter-Defendants in this action. Counter-Plaintiffs argue that the Carrs disbursed corporate assets to themselves without providing for corporate debts in violation of M.C.L. § 450.1855a. (Docket no. 261). They further argue that the Carrs should be joined as Counter-Defendants in this action because they are jointly and severally liable under M.C.L. § 450.1551 for the debts, obligations, and liabilities that were not provided for in the dissolution of AssuraFirst and in the distribution of assets. (Docket no. 261). Counter-Plaintiffs contend that AssuraFirst is merely a shell corporation which no longer has any interest in this litigation and which was reinstated to dodge the outcome of this motion. (Docket no. 266).

Counter-Plaintiffs' allegation that dissolved AssuraFirst no longer has an interest in the instant litigation is without merit. M.C.L. § 450.1833 and M.C.L. § 450.1834 provide that a dissolved corporation may continue its corporate existence in order to wind up corporate affairs, and in so doing may sue and be sued in its corporate name in the same manner as if dissolution had not

4

occurred. "An action brought against the corporation before its dissolution does not abate because of the dissolution." M.C.L. § 450.1834(f). AssuraFirst has demonstrated that it has been reinstated. Counter-Plaintiffs' counterclaim seeks to impose liability against AssuraFirst. Accordingly, AssuraFirst is and always has been an appropriate party in this litigation.

"A 'transfer of interest' in a corporate context occurs when one corporation becomes the successor by merger or other acquisition of the interest the original corporate party had in the lawsuit." *Luxliner P.L. Export Co.*, 13 F.3d at 71. Counter-Plaintiffs have not demonstrated that a transfer of interest took place as contemplated by Fed.R.Civ.P. 25(c).

Counter-Plaintiffs argue that the Carrs are the real parties in interest because they are jointly and severally liable for the obligation owed to them as a result of AssuraFirst's alleged infringement of its Mark. A corporation is required to pay or make provision for its debts, obligations, and liabilities before making a distribution of assets to shareholders in dissolution. Mich. Comp. Laws § 450.1855a. Corporate directors are jointly and severally liable to the corporation for the debts, obligations, and liabilities that were not paid during or after dissolution of the corporation. Mich. Comp. Laws § 450.1551. "These statutes, read together, impose joint and several liability on directors who vote in favor of or concur in a corporate decision to distribute assets to a shareholder without paying or adequately providing for all known debts and liabilities to the corporation." *Quick-Sav Food Stores, Ltd v. Mattis*, No. 272785, 2008 WL 108722, at *2 (Mich. Ct. App. Jan. 10, 2008).

A director is not subject to joint and several liability under M.C.L. § 450.1551 if he discharged his duties in good faith, with the care of an ordinarily prudent person, and in a manner reasonably believed to be in the best interests of the corporation. Mich. Comp. Laws § 450.1551(2);

5

450.1541a.  Among other things, a director against whom a claim is successfully asserted under § 450.1551 is entitled to contribution from other directors who voted for, or concurred in, the action upon which the claim is asserted.  Mich. Comp. Laws § 450.1552.  A shareholder who accepts or receives a distribution with knowledge that it is contrary to law is also liable to the corporation for all or a portion of the amount received.  Mich. Comp. Laws § 450.1551(3).

An action against a director or shareholder for liability imposed by M.C.L. § 450.1551 must be initiated within 3 years after the cause of action accrues.  Mich. Comp. Laws § 450.1554.  A cause of action for improper distribution of corporate assets accrues at the time a director approved and made a distribution, not when a corporation formally dissolves.  *Quick-Sav Food Stores, Ltd v. Mattis*, No. 272785, 2008 WL 108722, at *2 (Mich. Ct. App. Jan. 10, 2008).

Counter-Plaintiffs allegations of personal liability imposed pursuant to M.C.L. § 450.1551 go beyond a mere successor-in-interest argument and assert separate and distinct causes of action against the Carrs for violation of their statutory duties as shareholders and directors to the corporation.  The allegations require different proofs and defenses from the claims asserted against AssuraFirst.  As such, Counter-Plaintiff's allegations against the Carrs go beyond the scope of Rule 25(c).  Accordingly, Counter-Plaintiffs' Motion to Name Successors-in-Interest as Parties will be denied.

**IT IS THEREFORE ORDERED** that Counter-Plaintiffs' Motion to Name Successors-in-Interest as Parties (docket no. 261) is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: May 19, 2010							s/ Mona K. Majzoub
									MONA K. MAJZOUB
									UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: June 19, 2010							s/ Lisa C. Bartlett
									Case Manager